**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000770
22-MAY-2026
08:14 AM
Dkt. 110 SO**

NO. CAAP-24-0000770

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GARY J. RICCI, Plaintiff-Appellant,
v.
GERALD CARP M.D.; ALOHA EYE CLINIC; DR. THOMAS KROPP; DR
CLAUDIA HOOTEN; BENNETT EYE INSTITUTE, Defendants-Appellees,
and
DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-22-0000303)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Guidry, JJ.)

Self-represented Plaintiff-Appellant Gary J. Ricci

(**Ricci**) brought a medical malpractice action against Defendants-

Appellees Gerald Carp, M.D. (**Carp**), Aloha Eye Clinic (**AEC**),

Dr. Thomas Kropp (**Kropp**), Dr. Claudia Hooten (**Hooten**), and the

Bennett Eye Institute (**BEI**) (collectively, **Medical Providers**).

After the discovery deadline had passed, the Medical Providers

moved for summary judgment.[1]  The Circuit Court of the Second Circuit (**circuit court**) heard the Medical Providers' motions, and granted summary judgment in favor of the Medical Providers. The circuit court entered the Final Judgment on November 1, 2024.[2]  Ricci appealed.

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Final Judgment.

Ricci's opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b).  Among other things, the opening brief does not set forth the points of error being raised on appeal, nor does it present clear contentions of error.  Nevertheless, "a pro se litigant's failure to state the alleged errors of the lower court in precise compliance with HRAP Rule 28(b) . . . will not foreclose consideration of the appeal, so long as the litigant's argument can reasonably be discerned."  Erum v. Llego, 147 Hawaiʻi 368, 380, 465 P.3d 815, 827 (2020) (citations omitted).  Here, we discern that Ricci

---

[1]     The record reflects that Carp is affiliated with AEC, and Hooten is affiliated with BEI.  Carp and AEC, Kropp, and Hooten and BEI filed their respective summary judgment motions on August 2, 2024.

[2]     The Honorable Kirstin M. Hamman presided.

challenges the circuit court's summary judgment in favor of the Medical Providers.

"On appeal, the grant or denial of summary judgment is reviewed de novo." Ralston v. Yim, 129 Hawai'i 46, 55, 292 P.3d 1276, 1285 (2013) (citation omitted). The court applies the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Id. at 55-56, 292 P.3d at 1285-86 (citation omitted).

"[A] summary judgment movant may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial." Id. at 60, 292 P.3d at 1290 (citations omitted).

The record reflects that the Medical Providers satisfied their initial burden of production through the declarations and reports of their medical experts in the area of ophthalmology. The experts opined that the Medical Providers' treatment of Ricci satisfied the standard of care for

ophthalmologists. Hooten and BEI produced the declaration and report of Gregory W. Schmidt, M.D., who opined that Hooten "met the standard of care in all respects." Kropp produced the declaration of Anthony J. Aldave, M.D., who opined that "no negligent act or omission on the part of [Kropp] caused, or contributed to, [Ricci's] alleged injuries." Carp and AEC produced the declaration and report of Andrew F. Calman, M.D., Ph.D., who opined that "[his] review of the available records did not reveal any breach of the standard of care by any of [Ricci's] providers."

The Medical Providers also demonstrated that Ricci would not be able to carry his burden of proof at trial. Ricci did not introduce any expert medical testimony to support his medical malpractice claims. "[U]nlike the ordinary negligence case, it is the general rule that a malpractice case based on negligent treatment cannot be established without expert medical testimony to support it." Bernard v. Char, 79 Hawai'i 371, 377, 903 P.2d 676, 682 (App. 1995); see also Craft v. Peebles, 78 Hawai'i 287, 298, 893 P.2d 138, 149 (1995) ("It is well settled that in medical malpractice actions, the question of negligence must be decided by reference to relevant medical standards of care for which the plaintiff caries the burden of proving through expert medical testimony." (citation omitted)).

The Medical Providers filed their motions for summary judgment after the discovery cutoff deadline had passed.[3]  Ricci had not retained his own medical experts by that time.  Ricci contends that, in lieu of retaining his own medical experts, he would "call the [Medical Providers'] medical experts as his own for the necessary medical opinions required by Hawaii State Law and to use those answers given in deposition to contradict the support for the [Medical Providers], and to further support the claims of [Ricci] and his injuries."  (Emphasis omitted.)  The Medical Providers' experts have already opined, however, that the Medical Providers satisfied the applicable standard of care in their treatment of Ricci; Ricci failed to "demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial."  See Ralston, 129 Hawaiʻi at 56-57, 292 P.3d at 1286-87 (citation omitted).

---

[3]    The circuit court set the discovery deadline at sixty days prior to trial; trial was scheduled for September 23, 2024.

For the foregoing reasons, we affirm the Final Judgment. Ricci's Motion for Retention of Oral Argument, filed May 19, 2026, is denied pursuant to HRAP Rule 34(c).

DATED: Honolulu, Hawaiʻi, May 22, 2026.

On the briefs:

Gary J. Ricci,
Self-represented
Plaintiff-Appellant.

David Y. Suzuki,
for Defendants-Appellees
Gerald Carp, M.D. and Aloha
Eye Clinic.

John-Anderson L. Meyer,
for Defendant-Appellee
Thomas Kropp, M.D.

Arthur F. Roeca,
for Defendants-Appellees
Dr. Claudia Hooten and
Bennett Eye Institute.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge